| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>ROBERT LYNCH,<br>        Plaintiff,<br>   v.<br>THE CITY OF NEW YORK,<br>NEW YORK CITY POLICE OFFICER<br>NICHOLAS CONWAY, Shield # 19710, 75th Precinct<br>(formerly "JOHN DOE"),<br>NEW YORK CITY POLICE OFFICER<br>JOHN DOE, 75th Precinct<br>(formerly "JOHN DOE NUMBER ONE"),<br>NEW YORK CITY POLICE OFFICER<br>JOHN DOE NUMBER ONE, 75th Precinct,<br>(formerly "JOHN DOE NUMBER TWO"),<br>        Defendants.<br>-----------------------------------------------------------X | 20 CV 05874<br><br>**FIRST AMENDED**<br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, ROBERT LYNCH, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

1

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, ROBERT LYNCH, is a United States Citizens, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY(formerly "JOHN DOE") , Shield Number 19710, of the 75th Precinct, NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE"), also of the 75th Precinct, and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO"), upon information and belief, of the 75th Precinct, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY(formerly "JOHN DOE"), NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE"), and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO")  are sued individually and in their official capacity.  At all times relevant, Defendants NEW YORK CITY POLICE OFFICERS NICHOLAS CONWAY (formerly "JOHN DOE"), JOHN DOE (formerly JOHN DOE NUMBER ONE") and JOHN DOE NUMBER ONE (formerly JOHN DOE NUMBER TWO") were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their

lawful duties.  Defendants, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE"), JOHN DOE (formerly "JOHN DOE NUMBER ONE") and JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO"), were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK, and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On August 5, 2018 at approximately 10:00 p.m. the Plaintiff, ROBERT LYNCH, was outside in the front yard of a residential building located on Milford Street, between Sutter and Blake Avenues in Kings County, attending a barbeque with approximately twenty other individuals when Defendant Officers NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY

(Formerly "JOHN DOE"), Shield Number 19710, of the 75th Precinct, NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE") and NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO"), upon information and belief, also of the 75th Precinct, exited an unmarked police van, in uniform, approached the Plaintiff and the group of barbeque attendees and ordered everyone to get against a wall, because the Defendant Officers alleged that they smelled the odor of marijuana. Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") then physically searched the Plaintiff's person and allegedly found a pair of dice in the Plaintiff's pocket. Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") then put the dice back in the Plaintiff's pocket. Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") then ran the Plaintiff's name through a computer and informed the Plaintiff that his name was "clean". The Plaintiff then asked Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") if he was free to leave. Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") informed the Plaintiff that he was not free to leave, and that the Defendant Officers had to search everyone else at the barbeque. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE"), the driver of the unmarked van, then ran the Plaintiff's name through a computer again and again the Plaintiff's name came up clean. The Plaintiff then observed and heard Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE speak with each other, whereupon the Plaintiff heard Defendant NEW YORK CITY POLICE OFFICER JOHN DOE ask the Plaintiff in sum and substance, "where are the dice?", referring to the dice earlier found and returned to the Plaintiff by Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE"). Defendant NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE") then searched the

Plaintiff's physical person again and proceeded to handcuff the Plaintiff, stating in sum and substance that "someone" at the location was "gambling". The Plaintiff was then placed in the unmarked van by Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO"), after several other individuals from the barbeque were placed in the van. As Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO") put the Plaintiff into the van, the Defendant intentionally caused the Plaintiff's nose to strike the right door of the van as Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO) was pushing the Plaintiff into the van, causing a laceration to the bridge of the Plaintiffs' nose, and resulting in considerable pain to the Plaintiff, and a permanent scar to and upon the Plaintiff's nose. The Plaintiff was subsequently taken to a local precinct, where he was subjected to a third search of his person by the named Defendant Officers. The Plaintiff was held in the custody of the named Defendant New York City Police Officers for approximately twenty four hours, and subsequently charged by Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") with Loitering, Remaining in a Public Place, for the Purposes of Gambling, in violation of New York Penal Law Section 240.35(2), under Docket Number CR-036034-18KN, without a basis in law or fact. On August 6, 2018 at the Plaintiff's arraignment on the aforementioned criminal charges, alleged upon the sworn Criminal Court Complaint of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE"), the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE immediately moved for an Adjournment in Contemplation of Dismissal in favor of the Plaintiff, resulting in the dismissal of the Criminal case against the Plaintiff.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search**

12. The Plaintiffs incorporate by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on May 19, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE"), Shield Number 19710, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiff without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER NIICHOLAS CONWAY (formerly "JOHN DOE") occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- Unlawful Search**

15. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on August 5, 2018 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE"), acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiff without lawful reason or cause, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

17. That the actions of Defendant NEW YORK CITY OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE") occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- False Arrest

18. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, on August 5, 2018, the conduct of named Defendant, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") and NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE"), acting under color of State law, violated Section 42 U.S.C 1983 by unlawfully arresting the Plaintiff without lawful reason or cause, and causing the Plaintiff to be held in the custody of THE NEW YORK CITY POLICE DEPARTMENT for approximately twenty four hours, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

20. That the actions of Defendants, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") and NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE") occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

21. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, on August 5, 2018 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER TWO (formerly "JOHN DOE NUMBER ONE"),

7

acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and without lawful reason or cause, intentionally causing the Plaintiff's face and nose to strike the door of the Police Vehicle, causing the Plaintiff to suffer physical injury, pain, blood loss, and permanent disfigurement to the Plaintiff.

23. That the actions of Defendant NEW YORK CITY POLICE JOHN DOE NUMBER TWO (formerly "JOHN DOE NUMBER ONE") occurred in and during the scope of his duties and function as a New York City Police Officer, and while acting as agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SIXTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations

24. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Three (23) as if fully set forth herein.

25. Upon information and belief, on August 5, 2018 Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE"), acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully charging the Plaintiff with violating New York Penal Law Section 240.35, by signing a sworn document, in the form of a Criminal Court Complaint, at the behest of THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE alleging that the Plaintiff violated Section 240.35 (2) of the New York State Penal Law without a basis in law or fact, and causing the Plaintiff to be held in the custody of THE NEW YORK CITY POLICE DEPARTMENT for over twenty four hours, without lawful reason or cause.

26. That the actions of Defendant, NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE") occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an employee and agent of

THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE**, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for the Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER NICHOLAS CONWAY (formerly "JOHN DOE "), Shield Number 19710 of the 75th Precinct, Defendant NEW YORK CITY POLICE OFFICER JOHN DOE (formerly "JOHN DOE NUMBER ONE") and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE NUMBER ONE (formerly "JOHN DOE NUMBER TWO").

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiffs are entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

Dated: December 15, 2020
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373

**Via ECF**