UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
ROBERT LYNCH,

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW
YORK CITY POLICE OFFICER
NICHOLAS CONWAY, Shield #19710,
75th Precinct, NEW YORK CITY
POLICE OFFICER TYLER ANGELO,
Shield #21443, 75th Precinct, NEW
YORK CITY POLICE OFFICER JOHN
PLUMITALLO, Shield #16755, PSA-5,

                Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 20-CV-5874-FB-CLP

*Appearances:*

| For the Plaintiff: | For the Defendants: |
|---|---|
| VICTOR M. BROWN | MOSTAFA KHAIRY |
| 11 Park Place, Suite 600 | Assistant Corporation Counsel |
| New York, New York 10007 | 100 Church Street, Room 3-208 |
| | New York, New York 10007 |

**BLOCK, Senior District Judge:**

      In this action under 42 U.S.C. § 1983, Robert Lynch alleges that he was falsely arrested and subjected to excessive force by members of the New York Police Department (collectively, "NYPD"). NYPD moves for summary judgment based on a release executed by Lynch in connection with a prior lawsuit. Although the prior action was filed before this case, Lynch agreed to "release and discharge

1

defendants City of New York, Detective Yika Morales and Officer John Uske; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release." Decl. of Mostafa Khairy, Ex. E. The release was executed on December 24, 2020, while this case was filed on December 3, 2020, and involves an incident that occurred on August 5, 2018. Thus, Lynch was obviously aware of his claims in this lawsuit when he signed the release.

Lynch argues that the individual officers in the two lawsuits are different. While that is correct, the release also covers claims against "the City of York" and "all past and present officials, employees, representatives, and agents of the City of New York." That unequivocally describes all of the defendants in this case.

Relatedly, Lynch argues that he understood the release to exclude the claims against the individual officers named in this case. His understanding, he says, was based on statements made during settlement negotiations. But "[e]xtrinsic evidence cannot be used to vary the terms of a facially unambiguous contract." *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (citing *Chimart Assocs. v. Paul*, 66 N.Y.2d. 570, 572 (1986)). Moreover, "[w]ith unambiguous

2

contracts, a party's subjective intent and understanding of the terms is irrelevant."

*Id.*

For the foregoing reasons, NYPD's motion for summary judgment is granted and the case is dismissed with prejudice.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 19, 2022